Richardson, Cb. J.,
delivered tbe opinion of tbe court:
Tbe claimant was appointed a special agent of tbe Census Office to collect tbe statistics of manufactures in Natcbez, Miss., witb a compensation of $4 a day when actually employed. It was supposed at tbe Census Office that be resided in Natcbez, and bis appointment and all official commuMcations were addressed to him at that place; but, in fact, be resided about 16 miles from Natcbez, and was obliged to travel to and from that place in tbe performance of bis duties.
Tbe letter of appointment fixed bis compensation at $4 a day while actually employed, and made no provision as to traveling expenses.
It was tbe practice of tbe office that fall compensation was not allowed to agents unless they attained tbe lowest average results made by a majority of agents engaged in similar work. This practice was not provided for in tbe printed regulations sent to claimant, and be was not informed of it until a few days before tbe close of bis work, when be received tbe letter set forth in finding in.
He was employed 111 days, which, at $4 a day, entitled him to $444, and be was paid, according to tbe practice adopted by tbe Department, only $269.
Tbe claim is for tbe difference of per diem compensation fixed at tbe time of bis appointment and tbe amount actually paid to him, and also a per diem of $3 in lieu of subsistence.
In our opinion tbe compensation fixed by agreement at tbe beginning was not subject to reduction by a practice of tbe office not provided for in tbe regulations and not otherwise known to him, and that be is entitled to tbe full compensation fixed by tbe terms of Ms appointment.
Tbe claim of $3 a day for subsistence can not be allowed, since tbe Superintendent and Secretary did not so agree when, *473 witbin tbe maximum authorized by tbe statute, they fixed bis compensation at $4 a day. Tbe provisions of law appboable to claims for subsistence have been fully reviewed in the recent cases of Test and Barre (ante, pp. —), and it is only necessary to refer to them for a full exposition of our view on tbe subject.
Judgment will be entered for tbe claimant for $175.